UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-11117-MLW

FRIEDRICH LU,
    **Plaintiff,**

v.

GEORGE HULME, in his individual
capacity and in his official capacity,
TRUSTEES OF THE BOSTON PUBLIC
LIBRARY,
    **Defendants.**

## DEFENDANTS GEORGE HULME AND THE TRUSTEES OF THE BOSTON PUBLIC LIBRARY'S MOTION FOR FEES, COSTS AND SANCTIONS AGAINST THE PLAINTIFF

Plaintiff, Friedrich Lu ("Plaintiff") filed this lawsuit against the Defendants Trustees of the Boston Public Library ("Trustees") and George Hulme ("Hulme"), in his individual and official capacities, alleges violations of his civil rights under 42 U.S.C. § 1983 (Count I) and the Massachusetts Civil Rights Act, M.G.L. c. 12 § 11I ("MCRA") ("Count II"). The Defendants moved to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), on the grounds that it fails to state a claim for which relief may be granted. Recently, the Defendants became aware of an order from this court requiring Plaintiff to file a copy of a 2002 order with any new filings in the District of Massachusetts. Plaintiff has failed to comply with that order and certify as such.

Plaintiff's Complaint is the latest manifestation of his unremitting refusal to abide by the authority and orders of this Court. Accordingly, the Defendants request entry of an order

awarding reasonable attorneys fees, costs and sanctions against the Plaintiff in an amount sufficient to deter further disregard of court orders.

In support of this motion, the Defendants submit the accompanying memorandum.

Respectfully submitted,

DEFENDANTS GEORGE HULME, in his individual capacity and in his official capacity and TRUSTEES OF THE BOSTON PUBLIC LIBRARY

William Sinnott
Corporation Counsel

By their attorneys:

/s/Caroline O. Driscoll
Caroline O. Driscoll, BBO# 647916
Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
Date: December 20, 2012          (617) 635-4925

## **LOCAL RULE 7.1 CERTIFICATION**

I hereby certify that on December 19, 2012 I emailed Plaintiff regarding the Defendants' intention to file this Motion, but was unable to resolve or narrow the issues raised in this Motion.
I also certify that on December 20, 2012, I filed this document through the Court's CM/ECF system and that an electronic copy will be sent via email to those identified as non-registered participants per agreement with Plaintiff.

/s/Caroline O. Driscoll
Caroline O. Driscoll

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-11117-MLW

FRIEDRICH LU,
    **Plaintiff,**

v.

GEORGE HULME, in his individual capacity and in his official capacity, TRUSTEES OF THE BOSTON PUBLIC LIBRARY,
    **Defendants.**

**MEMORANDUM IN SUPPORT OF DEFENDANTS GEORGE HULME AND THE TRUSTEES OF THE BOSTON PUBLIC LIBRARY'S MOTION FOR FEES, COSTS AND SANCTIONS AGAINST THE PLAINTIFF**

I.     **INTRODUCTION**

Plaintiff, Friedrich Lu ("Plaintiff") filed this lawsuit against the Defendants Trustees of the Boston Public Library ("Trustees") and George Hulme ("Hulme") in his individual and official capacities,(collectively, the "Defendants"), alleges violations of his civil rights under 42 U.S.C. § 1983 (Count I) and the Massachusetts Civil Rights Act, M.G.L. c. 12 § 11I ("MCRA") ("Count II"). The Defendants moved to dismiss the Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), on the grounds that it fails to state a claim for which relief may be granted. The Defendants hereby also request entry of an order awarding reasonable attorneys fees, costs and sanctions against the Plaintiff due to his failure to comply with the prior orders of this Court.

## II. ARGUMENT

Plaintiff's Complaint is merely the latest manifestation of his unremitting refusal to abide by the authority of this Court. *See* Exhibit A (Plaintiff's Compl.). In filing this Complaint, Plaintiff failed to comply with the order of Judge Mark L. Wolf dated March 29, 2002, C.A. No. 00-11492-MLW, attached as Exhibit B, ("the Wolf Order"), prohibiting Plaintiff from filing any pleadings or other documents in this court without attaching a copy of the Wolf Order and certifying that he has complied with it in good faith. *See also* Exs. C (Docket from case #1:00-cv-11492-MLW), D (Plaintiff's Complaint from case #1:00-cv-11492-MLW). The Wolf Order states that on "January 2, 2002, the Suffolk Superior Court Division of the Trial Court Department of the Commonwealth of Massachusetts enjoined [the Plaintiff] from filing any new action at law or equity in the State of Massachusetts without complying with certain procedures." *See* Ex. D at 15-16  Judge Wolf explains that Plaintiff's complaints have so "significantly burdened the state and federal court systems and their limited resources" that he deemed it necessary to order that any documents the Plaintiff files in Massachusetts District Court include the Wolf Order and the Plaintiff's certification of compliance. *Id*. at 15.

Notably, the Complaint in the present case against the Defendants is not the first time that Plaintiff has disregarded the Wolf Order. Shortly after the Wolf Order, Plaintiff filed another suit in which Judge Reginald C. Lindsay ordered Plaintiff to pay the clerk of the court, by way of a sanction, the sum of $500 for violating the court orders and the Federal Rules. *See* Exs. E (Docket from case #1:02-cv-11860-RCL), F (Plaintiff's Complaint from case #1:02-cv-11860-RCL), G (Judge Lindsay's Order on Defendant's Motion to Dismiss from case #1:02-cv-11860-RCL).

Although Plaintiff paid the $500 sanction as ordered, it was without effect, as Plaintiff continued to ignore the authority and rules of the Court. *See* Exs. H (Defendants' Motion to Dismiss or in the Alternative to Compel Discovery Responses and for Sanctions in case #1:02-cv-11860-RCL), I (Defendants' Memorandum in Support of Defendants' Motion to Dismiss or in the Alternative to Compel Discovery Responses and for Sanctions in case #1:02-cv-11860-RCL). In doing so, the Plaintiff has demonstrated that such modest monetary sanctions do not deter his behavior in ignoring an insulting the court orders.

In 2002, Plaintiff claimed that he was "self-employed—spending full time engaging in lawsuits, which is my trade, profession, or business." Ex. J (Plaintiff's Motion to Prosecute Appeal in Forma Pauperis from case #1:02-cv-11860-RCL). He further stated that he "received no income, except for gifts from friends amounting to about fifteen hundred dollars which were used entirely as filing fees for various court cases, as well as for the printing of legal documents … [f]or years I have sued numerous persons and firms." Id. Indeed, Plaintiff has filed at least eighteen suits in Massachusetts District Court and at least eleven suits in the courts of the Commonwealth of Massachusetts.[1]

### III. CONCLUSION

Plaintiff's continued failure to comply with the Wolf Order in the present case, the Court should order the Plaintiff to deliver to the clerk of the Court sanctions in an amount sufficient to deter further disregard by the Plaintiff of this Court's order and also award the Defendants reasonable attorneys fees and costs in having to defend against the present action. Therefore, the

---

[1] Plaintiff has another case currently pending in the District of Massachusetts involving the Boston Police Department (#12-CV-10326-WGY). The City of Boston has filed a similar motion for sanctions in that case.

Defendants strongly recommend that those sanctions should be in an amount not less than $5,000.

Respectfully submitted,

DEFENDANTS GEORGE HULME, in his individual capacity and in his official capacity and TRUSTEES OF THE BOSTON PUBLIC LIBRARY

William Sinnott
Corporation Counsel

By their attorneys:

/s/Caroline O. Driscoll
Caroline O. Driscoll, BBO# 647916
Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
(617) 635-4925

Date: December 20, 2012

## **LOCAL RULE 7.1 CERTIFICATION**

    I hereby certify that on December 19, 2012 I emailed Plaintiff regarding the Defendants' intention to file this Motion, but was unable to resolve or narrow the issues raised in this Motion.
    I also certify that on December 20, 2012, I filed this document through the Court's CM/ECF system and that an electronic copy will be sent via email to those identified as non-registered participants per agreement with Plaintiff.

/s/Caroline O. Driscoll
Caroline O. Driscoll
