Friedrich Lu, Plaintiff )   Civil Action No 12-cv-11117-MLW
v )
George Hulme, )
Trustees of Boston Public Library, Defendants )

Plaintiff's Opposition to Motion for Attorneys Fee and Cross-Motions for Sanction and
for Factual and Legal Proof of Attorney-Client Relationship

Defendants Boston Public Library (BPL) and its employee George Hulme moves for awarding "attorneys fee" and others. Not only does plaintiff Friedrich Lu oppose, but cross-moves for sanction under Fed Rule Civ Proc (Rule) 11 and the basis of attorney-client relationship. Pre-motion consultation under Dist Ct Local Rule 7.1 are attached as Exhibits 1 to 3.

I

Defendants' motion is based on nothing but an order entered in United States ex rel Friedrich Lu v Harvard School of Dental Medicine, US Dist Ct (D Mass) No 00-cv-11492-MLW. Despite forewarning, See Exhibit 2, defendants does not provide any authority to support their position--nor can they find one if they want to. Indeed Lu thoroughly searches databases and find absolutely nothing in aid of their cause.

(1) Not a party to that case, defendants suffer and benefit nothing from that case, let alone an order in that case. See Martin v Wilks (1989) 490 US 755, 762 ("A judgment or decree among parties to a lawsuit resolves issues as among them, but it does not conclude the rights of strangers to those proceedings").

(2) The order did not cover them (defendants).

(3) Simply put, defendants lack standing with respect to that order.

(4) Setting aside standing issue for a moment, defendants ought not to challenge--or to enlarge the scope of, as they are trying to do in this case--said order in another case--whether before the same district judge or not. What the defendants are doing in this case constitutes an impermissible collateral attack.

(5) As Lu pointed out in his email reply to the counsel's ostensible pre-motion consultation, the correct

course would be for her to go before Judge Wolf in the Harvard case.

(6) Defendants' motion is so egregious that Rule 11 sanction is called for.

II

(1) Table turns. Amidst the clusters of the motion, Lu discerns a kernel of blessing in disguise (arguably a godsend).

(2) Presence of attorney-client relationship is prerequisite to defendants' demand for attorneys fee. Still defendants make no such showing, the onus of which is on defendants, not Lu.

(3) From the moment that Attorney Caroline O Driscoll, assistant corporate counsel of City of Boston, emailed Lu that she would enter appearance for defendants, Lu has steadfastly stated Boston's legal representation of defendants is void ab initio. See Lu's Motion to Disqualify So Called Counsel dated June 21, 2012 (last sentence: "Lu states no attorney-client privilege ever exists between the city on one hand and defendants on the other").

(4) Nonetheless, Attorney Driscoll has been evasive, never pinning down a factual or legal basis on which to represent defendants.

(5) Regarding establishment of attorney-client relationship, federal court looks to state court in civil and criminal cases alike.

(6) Estate of Keatinge v Biddle (CA1 2002) 316 F.3d 7, 8-9 (Maine state law holds the issue of an attorney-client relationship is one of fact).

(7) Jarosz v Palmer (2002) 436 Mass 526, 527-528, 532 (To show attorney-client relationship exists, a client has burden of proof with a preponderance of evidence).

(8) FDIC v Ogden Corp (CA1 2000) 202 F.3d 454, 460 ("In a discovery dispute, the burden to establish an applicable privilege rests with the party resisting discovery. If the privilege is established and the question becomes whether an exception to it obtains, the devoir of persuasion shifts to the proponent of the exception. We look to Massachusetts law to determine the scope of both the asserted privilege and the

exception in this case") (citation omitted); Mass Eye and Ear Infirmary v QLT Phototherapeutics, Inc (CA1 2005) 412 F.3d 215, 225-226 (A client (QLT) meets its burden of establishing attorney-client privilege to the communications in question. Then the party (MEEI) challenging the privilege carries the burden of establishing that any communications are discoverable).

(9)

(a) In re Grand Jury Subpoena (CA1 2001) 274 F.3d 563, 572 (Citing Ogden; Attorney who had served as principal outside counsel for subsidiary corporation, and who had also represented former officers of subsidiary in their personal capacities, could theoretically have represented officers individually with respect to grand jury investigation, so that their communications would be protected by attorney-client privilege; however, this attorney-client relationship would only extend to those communications which involved officers' individual rights and responsibilities arising out of their actions as officers of corporation) (b) Two separate corporations, BPL is not a subsidiary of Boston. Boston on one side and BPL and Hulme on the other can not pass the five-benchmark test (eg, Boston can not waive privileges of the latter). Ibid. BPL and City of Boston are two separate corporations. A Fortiori, Boston can represent neither BPL nor Hulme, in view of the explicit proscription of city council embodied in the City of Boston Municipal Code 5-8.2.

Plaintiff: Friedrich Lu, pro se
Signed: /s/
Date: January 15, 2013
Email address: x2flu@yahoo.com
Telephone number: none
Address: Pine Street Inn, 444 Harrison Avenue, Boston, MA 02118
A copy of this document was served electronically on Ms Driscoll on Dec 21, 20112.