```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

FRIEDRICH LU,                        )
     Plaintiff,                      )
                                     )
          v.                         )    C.A. No. 12-11117-MLW
                                     )
GEORGE HULME and TRUSTEES OF         )
THE BOSTON PUBLIC LIBRARY,           )
     Defendants                      )

                             ORDER

WOLF, D.J.                                          April 16, 2014

For the reasons stated in court on April 14, 2014, it is hereby ORDERED that:

1. Counsel for defendants shall, by April 23, 2014, consult his clients and report whether my son Jonathan Wolf might be a witness in this case, and provide any other information relevant to whether my disqualification may be necessary or appropriate based on his work.[1]

2. The parties shall, by May 2, 2014, file statements addressing whether my recusal is required pursuant to 28 U.S.C. §455(a)[2] or (b)[3] and, in any event, whether pursuant to 28 U.S.C.

---

[1] Since the April 14, 2014 hearing, I have spoken to my son and been informed that he met one time with the head of security of the Boston Public Library and received permission for employees of his organization, Aggressive Street Outreach, to offer services to homeless individuals using the Library. A limited amount of such outreach was subsequently done.

[2] 28 U.S.C. §455(a) requires a judge to disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

[3] 28 U.S.C. §455(b)(1) requires a judge to disqualify himself where he has a personal bias or prejudice concerning a

§455(e)[4], they wish to waive any ground for disqualification under subsection (a). See United States v. Sampson, Cr. No. 01-10384-MLW, 2014 WL 1093120 (D. Mass. Mar. 17, 2014); United States v. Salemme, 164 F. Supp. 2d 86 (D. Mass. 1998); United States v. Salemme, 164 F. Supp. 2d 49 (D. Mass. 1998).

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE

---

party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. §455(b)(5)(iv) requires a judge to disqualify himself when a person within the third degree of relationship to him is likely to be a material witness in the proceeding.

[4] 28 U.S.C. §455(e) permits the court to accept the parties' waiver of any ground for disqualification under 28 U.S.C. §455(a), provided the waiver is preceded by a full disclosure of the basis for disqualification.