UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 1:12-CV-11117-MLW

|  |  |
|---|---|
| FRIEDRICH LU, <br>     Plaintiff, <br><br> v. <br><br> GEORGE HULME, in his individual capacity <br> and in his official capacity, <br><br> TRUSTEES OF THE BOSTON PUBLIC LIBRARY, <br><br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND REQUEST FOR PROTECTIVE ORDER

The Defendants, George Hulme and Trustees of the Boston Public Library, oppose the Plaintiff's pro se motion to compel the designation of deponents. As explained below, the Plaintiff's motion is misguided and reflects his misunderstanding of basic discovery procedure. The Defendants have not designated deponents because the Plaintiff has not yet served a proper notice of deposition pursuant to Rule 30 of the Federal Rules of Civil Procedure. As a result, his motion to compel should be denied without a hearing. Furthermore, this Court should enter a protective order to prevent the Plaintiff from harassing City officials and inquiring into irrelevant issues.

Case 1:12-cv-11117-MLW   Document 44   Filed 05/15/14   Page 2 of 7

Factual Summary

A scheduling conference took place in this case on April 14, 2014, and the Court issued a scheduling order the same day. On April 15, 2014, before the Defendants could serve their initial disclosures (which are due on May 16), the Plaintiff sent an email to Defendants' counsel with the heading "discovery demand."[1] In that email he demanded that the Defendants answer six questions:

> I Want the City to answer the long-standing questions I listed in Reply Brief III(4)(c)--in the case of Lu v City of Boston, SJC No 11611—regarding "'Law Department,' such as
>
> (i) where it was,
> (ii) the headquarters (and branches, if any),
> (iii) the organization,
> (iv) the management,
> (v) whether it was coterminous with Boston Public Library (shorn of Board of Trustees),
> (vi) whether it was a City agency separate from Boston Public Library, similar to City of Boston's Emergency Shelter Commission vis-a-vis Boston Public Health Commission (see complaint (7)).

The Plaintiff's email makes clear that these six questions relate not to the claims in the case at bar, but rather to issues in his ongoing state court case (SJC-11611). In that case the Plaintiff has attempted to undermine Judge Wolf's denial of his motion to disqualify the City of Boston Law Department as counsel for the Defendants.[2] Regardless, the Plaintiff's email also stated:

> If I do not hear from you at the end of Feb 22 (Tuesday), 2014, I will want to depose City officials (designated by City with knowledge of subjects; if City does not designate, I will designate, including its top officials), as well as officials (trustees and president) on the side of Boston Public Library--regarding

---

[1] The relevant email communications between the Defendants and the Plaintiff related to this discovery issue have been attached to this opposition as an appendix.

[2] The Plaintiff filed his case seeking declaratory judgment with the Single Justice of the Supreme Judicial Court. His case was dismissed by Justice Gants without a hearing. The Plaintiff then appealed that decision to the full panel of the SJC, which heard oral arguments on May 6, 2014. The case is currently under advisement.

the above matters AND removal from Web of Boston City Councillor Bill Linehan's notice to fellow councillors on Kirsten Library.

Defendants' counsel responded to the Plaintiff by seeking clarification as to whether the questions listed in his "discovery demand" email were intended to constitute a set of interrogatories. See appendix. Counsel also explained: "If you intend to depose witnesses in this case, you will need to do so in accordance with the rules of civil procedure, including serving proper notice of depositions. See Rule 30(b)." See appendix.

Thereafter, the Plaintiff responded by threatening to file a motion to compel and speculated that counsel was committing "fraud upon the court." See appendix. He did not explain whether his list of questions was an attempt to serve interrogatories. He warned that if he did not receive answers to his questions within a few days, he would notice depositions. See appendix. On April 23, 2014, the Plaintiff sent counsel another email asking the City of Boston to designate individuals to testify at deposition about the issues raised his previous emails. See appendix.

Defendants' counsel responded that the Defendants were happy to comply with proper discovery requests, but noted again that the Plaintiff had not yet noticed any depositions. Defendants' counsel again referred the Plaintiff to Rule 30. See appendix.

On April 23, 2014, the Plaintiff responded with an email that included various legal arguments indicating a general confusion regarding discovery procedure.

Argument

I. **This Court should deny the Plaintiff's motion to compel because he has failed to serve the Defendants with a proper notice of deposition**.

The Plaintiff has filed a motion pursuant to Federal Rule of Civil Procedure 37(a)(3)(B), which allows a party seeking discovery to file a motion to compel where a government entity

fails to make a designation under Rule 30(b)(6).  What the Plaintiff fails to recognize, however, is that Rule 30(b)(6) only requires the government to designate a deponent in response to a proper notice of deposition.  As discussed above, the Plaintiff's emails fail to constitute a proper notice of deposition.

Rule 30 governs the deposition process.  Rule 30(b)(1) requires that a notice of deposition be served on the parties, and that it "must state the time and place of the deposition." The Plaintiff's emails, however, fail to set forth a time and place for the intended deposition. Without such information, it is impossible for the Defendants to know if any particular person would be available to testify.

Additionally, Rule 30(b)(3)(A) requires the notice to state "the method for recording the testimony."  The emails sent by the Plaintiff do not contain this required information.  The Court should be aware that the City of Boston has struggled in the past to coordinate discovery with the Plaintiff.  In these past cases, the Plaintiff has similarly told the City of his intent to depose various individuals, but when pressed to comply with the requirements of Rule 30 (such as providing a court reporter), the Plaintiff has failed to do so and has abandoned discovery entirely.

The Defendants will fully comply with any appropriate discovery requests.  In the emails between the parties, Defendants' counsel attempted to explain to the Plaintiff why he needed to serve a proper notice of deposition and referred him to Rule 30(b), but the Plaintiff refused to comply with the rule.  As soon as the Defendants receive a proper notice of deposition, they will designate an appropriate person(s) to testify.  However, Rule 30(b) does not require a party to designate deponents before it has received a notice of deposition.

Also, as is clear from the Plaintiff's motion to compel, he has failed to comply with the requirements of Local Rule 37.1(B), which requires such motions to include detailed information about the discovery conference. For this reason alone, the motion to compel should be denied.

In general the Plaintiffs' emails exhibit a misunderstanding of basic discovery procedure. He has now consumed additional court resources by filing this improper motion to compel. As the Court is aware, at the scheduling conference on April 14, 2014, the Plaintiff declined to accept the Court's offer to appoint pro bono counsel to assist him. The Court made clear on the record that the Plaintiff would be responsible for following all court rules, and that failure to follow such rules could result in sanctions. *See* Rule 37(a)(5)(B) (if the motion to compel is denied, the Court must require the movant to pay the opposing party its reasonable expenses). This Court should consider whether the Plaintiff's improper motion to compel is deserving of sanctions at this time.

II. **This Court should enter a protective order to prevent City officials from being harassed with inquiry into irrelevant issues**.

In addition to denying the Plaintiff's motion to compel, this Court should also enter a protective order reasonably limiting the scope of the Plaintiff's discovery. Rule 37(a)(5)(B) states that when the Court denies a motion to compel, "the court may issue any protective order authorized under Rule 26(c)…" Pursuant to Rule 26(c), courts may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…"

In this case, the Plaintiff's complaint alleges that the Trustees of the Boston Public Library and a library employee violated his rights by denying him access to the library's Copley Square location. The "discovery demand" made by the Plaintiff, however, is entirely unrelated to his claims. Instead, his email references issues in his ongoing case before the Supreme

5

Judicial Court in which he has made various arguments related to the authority of the City Law Department to represent the Defendants in the case at bar. The Plaintiff is therefore improperly using discovery in this case to gather information on the excursive disqualification issue that has already been decided by this Court, and is now under advisement in a separate case before the Supreme Judicial Court. The Plaintiff's email also states that he intends to depose the City's "top officials" as well as the President of the Boston Public Library.

Rule 26(c) grants Courts the authority to issue various forms of protective orders to prevent inappropriate discovery. Rule 26(c)(1)(D) allows the Court to forbid inquiry into certain matters, or limit the scope of disclosure or discovery to certain matters. In this case, City officials should not be burdened and harassed by the Plaintiff's inquiry into settled legal issues that have nothing to do with the Plaintiff's underlying claims. For these reasons, the Defendants request that this Court issue a protective order pursuant to Rule 26(c)(1)(D) that forbids the Plaintiff from using discovery to inquire into any matter related to: (1) the City of Boston Law Department's authority to represent the Defendants in the case at bar; (2) the nature, structure, and legal authority of the City of Boston Law Department; and (3) the alleged removal from a website of Boston City Councilor Linehan's notice related to the Kirsten Library.

## Conclusion

For the reasons stated above, this Court should deny the Plaintiff's motion to compel, order appropriate sanctions against the Plaintiff for failure to comply with court rules, and issue the requested protective order.

Respectfully submitted,
DEFENDANTS,
By their attorney:

Eugene O'Flaherty

                    Corporation Counsel

                    /s/ David Waterfall

                    David Waterfall, BBO#657549
                    Assistant Corporation Counsel
                    City of Boston Law Department
                    Room 615, City Hall
                    Boston, MA 02201
                    (617) 635-4029

Dated: May 15, 2014

## CERTIFICATION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(C)(1)

I hereby certify pursuant to F.R.C.P. 26(c)(1) that I attempted to confer via email (the only available means of communication) with the Plaintiff on April 16 and 23, 2014, in an effort to resolve this matter without court action.

/s/ David Waterfall
David Waterfall

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2014, I served a true copy of the above document upon the Plaintiff through the Court's CM/ECF system and via email.

/s/David Waterfall
David Waterfall